Case 3:20-cv-00265-DPM   Document 4   Filed 09/01/20   Page 1 of 6

ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
Candace Edwards, Craighead Circuit Clerk
2020-Jul-30 17:23:36
16JCV-19-1174
C02D09 : 6 Pages

# IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS

**TRISTA JONES**                                                        **PLAINTIFF**

**VS.**                              **CASE NO. 16JCV-19-1174**

**MARTY BOYD, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS SHERIFF OF CRAIGHEAD
COUNTY, ARKANAS; TURN KEY HEALTH CLINICS LLC
AND, JOHN DOES 1-10**

                                                                        **DEFENDANTS**

## AMENDED COMPLAINT

Comes the Plaintiff, **TRISTA JONES**, by and through counsel, Luther Sutter, **SUTTER & GILLHAM, P.L.L.C.**; and, for this Complaint, she states:

### PARTIES AND JURISDICTION

1.  Plaintiff is a resident and citizen of White County, Arkansas, who was arrested in Craighead County, Arkansas, on or about October 29, 2018. After she was arrested, she was transported to the Craighead County Jail, which is maintained by Marty Boyd, the duly acting and elected Sheriff for Craighead County, Arkansas. TURN KEY HEALTH CLINICS LLC is a private company contracted to provide healthcare at the jail whose employees fell below the standard of care. While at the jail, she encountered John Does 1-10, who used more force than was reasonably necessary to effectuate the arrest. The John Does are identified as those individuals who are employed by the Craighead County Sheriff's Department or any private healthcare company present during Plaintiff's stay at the Craighead County Jail who may have used excessive force, denied her

1

medical care, denied her meals, and denied her water, in violation of the Arkansas Constitution and the Arkansas Medical Malpractice Act.  Upon information and belief, the Sheriff is a named insured of an insurance policy.

2. Since this is an action for events that arose in this county, venue is proper. Since this is an action in tort, this Court has subject matter jurisdiction.  This Court also has personal jurisdiction over the parties.

### **GENERAL ALLEGATIONS AND FACTS**

3. Plaintiff was driving while intoxicated in Craighead County on October 29, 2018.

4. Plaintiff was arrested and transported to the Craighead County Jail where she was battered, denied medical care, denied food, and threatened with discipline if she complained about their lack of medical treatment any further.

5. While incarcerated, John Does 1- 10 used more force than was reasonably necessary to keep the peace in the jail, resulting in Plaintiff suffering a broken arm.

6. Plaintiff complained to John Does 1-10 about the pain, but John Does 1-10 refused to transport Plaintiff to the hospital.  Plaintiff repeatedly complained, such that John Does 1-10 withheld food and water; and, threatened her with discipline in the event she continued to complain.

7. On multiple occasions, one (1) John Doe, whose last name is believed to be "Carmichael" told Plaintiff that she would not receive food or water if she continued to complain.  Eventually, Plaintiff appeared in Court, and a bond was set.

8. However, to cover up their illegal and unconstitutional conduct, Defendants refused to allow Plaintiff to contact a bondsman and refused to allow Plaintiff contact with

her family. As a result of Defendants' actions, Plaintiff was unable to make bond for several days, resulting in unnecessary incarceration, simply because she exercised her first amendment right to remonstrate under the Arkansas Constitution.

9. Once Plaintiff was released, Plaintiff was transported to the hospital, where she underwent surgery for a broken arm.

10. A plate was surgically placed in Plaintiff's arm. Plaintiff has incurred several thousand dollars in medical bills, as well as lost use of her arm.

## COUNT I

11. Plaintiff realleges the foregoing as if more fully set out herein.

12. By virtue of the facts alleged herein, Defendants have battered Plaintiff and have aided and abetted the battery.

13. Defendants broke Plaintiff's arm without legal justification, delayed medical care, resulting in unnecessary pain and medical bills. The Plaintiff has also endured scarring and has permanently lost full use of her arm.

14. The Sheriff aided and abetted the tort by failing to train the John Doe 1-10 Defendants and failing to promulgate appropriate policies.

15. Defendants' actions have been so egregious, so as to warrant the imposition of punitive damages.

## COUNT II

16. Plaintiff realleges the foregoing as if more fully set out herein.

17. By virtue of the facts alleged herein, Defendants have violated Plaintiff's clearly established state and federal constitutional rights to be from excessive force, to receive appropriate medical care for a serious medical condition and be free from

unnecessary detention in violation of the Arkansas Constitution and Arkansas Civil Rights Act from 1993 and 42 USC 1983.

18.     The Defendant Sheriff has ratified Defendants' actions or has failed to train the John Does 1- 10 Defendants in the appropriate use of force, appropriate response to a serious medical condition and the requirement to allow people like the Plaintiff to contact appropriate persons in order to secure a bond.

19.     As a direct and proximate cause of Defendants' acts and omissions as alleged herein, Plaintiff has suffered severe mental and emotional distress, scarring, lost earning capacity, lost the use of her arm, and having incurred other damages in an amount to be proven at trial.

20.     Defendants' actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT III

21.     Plaintiff realleges the foregoing as if more fully set out herein.

22.     Plaintiff brings this action against only the Sheriff for violation of the Arkansas Freedom of Information Act.

23.     After she was incarcerated, Plaintiff contacted the Sheriff's office and made a verbal FOIA request for her medical records, for her jail records and any grievances she submitted.  Defendant refused saying that Plaintiff must obtain an attorney. This is a violation of the Freedom of Information Act.

24.     Indeed, the violation has been willful.  Once Plaintiff obtained an attorney, the Sheriff's office was contacted and a written FOIA request was sent.  The Sheriff's

office responded saying that they had three (3) business days to respond. This is yet another violation of the FOIA.

## COUNT IV

25. Plaintiff realleges the foregoing as if more fully set out herein against Turn Key only.

26. While Plaintiff was incarcerated in the Craighead County jail, Plaintiff suffered a broken arm.

27. Employees of Turn Key were contacted, and, acting within the scope of their employment, they x-rayed the wrong part of Plaintiff's arm, so Plaintiff was forced to stay in jail with a broken arm in severe pain. Turn Key is sued under the theory of respondeat superior.

28. Under the circumstances alleged in this Amended Complaint, a reasonable healthcare provider in Craighead Arkansas in October of 2018 would have taken an accurate history and examined the Plaintiff to determine where a possible break was, then ordered an X-Ray of the affected area. Turn Key's employees failed to do so, thereby falling below the standard of care and causing Plaintiff unnecessary pain.

29. As a direct and proximate cause of acts and omissions of Turn Key's employees, as alleged herein, Plaintiff has suffered severe mental and emotional distress, scarring, lost earning capacity, lost the use of her arm, and having incurred other damages in an amount to be proven at trial.

## JURY DEMAND

30. Plaintiff demands a trial by Jury.

WHEREFFORE, Plaintiff, **TRISTA JONES**, prays for an expedited hearing under the FOIA, for appropriate compensatory and punitive damages, exceeding $1,000,000; for a trial by Jury; for attorneys' fees and costs; and for all other proper relief.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiff

By:   */s/ Luther Oneal Sutter*
      Luther Oneal Sutter, Esq., ARBN 95-031
      luther.sutterlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served on _30th___ day of July 2020, upon counsel for the Defendant as follows:

Jason Owens

Luther Oneal Sutter, ABN  95031
**SUTTER & GILLHAM, P.L.L.C.**

6